No. 8937.

## RAHM ET AL. *v.* BUTTERFIELD, RECEIVER.

SHERIFF'S SALE.—*Partnership.—Mortgage.—Equity of Redemption.*—G., a member of a firm of partners, mortgaged to the firm real estate to secure a note for $700, specified in the mortgage as being "held as a reserve fund." A receiver of the firm brought suit to foreclose, alleging that the assets of the firm were exhausted, and that its unpaid liabilities were $5,000. Answer, that the mortgage was made to the firm to indemnify it against the failure of G. to pay his share of the liabilities of the firm; that all such liabilities are to other members of the firm; that the defendants are purchasers of the land at sheriff's sale, upon a judgment against the firm for a firm debt.

*Held,* that the answer was bad on demurrer, and that the sale by the sheriff was only of the equity of redemption, and did not discharge the mortgage. WOODS, J., dissents.

SAME.—*Execution.*—*Lien of Mortgage.*—A sheriff's sale on an ordinary execution of real estate owned by one of several joint judgment debtors, upon an execution against all, will not divest a mortgage lien of one of them upon the land.

From the Vanderburgh Circuit Court.

*C. Denby* and *D. B. Kumler,* for appellants.

*A. Gilchrist* and *S. R. Hornbrook,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that he was duly appointed receiver of the partnership assets and affairs of the firm of Craven, Schenck & Co., of which Ezra J. Gerard was a member; that he was clothed with all the ordinary authority of a receiver, and was also invested with authority to sue; that among the partnership assets which came to his hands were a note and mortgage executed by Ezra J. Gerard and wife to Craven, Schenck & Co.; that the note and mortgage are in the usual form, except that the latter, after describing the note, provides that said note is payable to the firm of Craven, Schenck & Co., "and held as a reserve fund"; that the assets of the partnership are entirely exhausted; that the liabilities are $5,000; that the amount due the firm from Gerard is $700; that the appellants Rahm and Rahm claim some interest in the land, and are made parties to answer as to their interest.

The third paragraph of the answer of Rahm and Rahm is, in substance, as follows: That the note and mortgage were executed to the partnership for the purpose of indemnifying it from loss by the failure of Gerard to pay his share of the liabilities of the firm; that the note was to be treated as an asset only in case it was necessary to collect it for the purpose of securing from Gerard his share of partnership liabilities; that there were no debts due by the firm to any person except members; that if any recovery is had, it will go to pay Schenck, one of the partners; that judgments were recovered against

Rahm *et al. v.* Butterfield, Receiver.

the partners for a firm debt; that, on these judgments, executions were issued and levied on the land described in the mortgage; that sale was made thereon, and the land purchased by the appellants, and that they have received a deed from the sheriff.

We think the court did right in sustaining the demurrer to this answer. The appellants named may have purchased Gerard's equity of redemption, but they purchased nothing more, for nothing more was sold, or could have been sold, upon the execution. The sale on the execution conveyed only the debtor's interest in the land; it did not discharge the mortgage. A sale upon execution can not operate as a discharge of a mortgage, although the mortgage may be held by one of the execution debtors. All that is subject to sale in such a case is the equity of redemption of the debtor whose land is sold and who executed the mortgage.

A judgment is not a lien upon a mortgagee's interest in land, nor can such an interest be destroyed by a sale of the land upon execution. Whether the interest of the mortgagor, who is also an execution debtor, can be reached by proper proceedings, is not here the question. The question is: Does an ordinary sheriff's sale of land owned by one of several joint debtors, upon an execution against all, divest the mortgage lien of one of them? It is clear to our minds that the sale of real estate upon an ordinary execution, can not, in such a case, destroy the mortgage lien.

In holding, as we do, that the sale upon execution did not impair the lien of the mortgage, we dispose of all the subordinate and incidental questions discussed by counsel.

Judgment affirmed.

Woods, J., dissents.